**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| REYNALDO DAVID GAMANNA RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY CRAWFORD, *et al.,*<br><br>Respondents. | Case No. 2:26-cv-881 |

# ORDER

Petitioner Reynaldo David Gamanna Rodriguez seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging their detention by Immigration and Customs Enforcement. ECF No. 1. The petitioner requests immediate release or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 9. For the reasons stated below, the petition will be granted in part, and the Court will order the respondents to provide the petitioner with a bond hearing.

## I. BACKGROUND

The petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The Court ordered the respondents to "file either a notice indicating that the factual and legal issues presented in this petition do not differ in any material fashion from those presented in *Ceba Cinta v. Noem, et al.*, No. 1:25-cv-1818 (E.D. Va. Oct. 29, 2025), or an opposition to the petition discussing the material differences between *Ceba Cinta* and this petition." ECF No. 5 at 1–2. The Court

further ordered that, if the respondents filed a notice that there are no material differences between this petition and *Ceba Cinta*, "each of the substantive filings in that habeas proceeding will be incorporated into this habeas proceeding, and this Court will issue a ruling without further filings from the parties." *Id.*

In response, the respondents "submit[ted] that the factual and legal issues presented in the petition do not differ in any material fashion from those presented in *Ceba Cinta*" and agreed that the Court should incorporate the filings from that case into the record here. ECF No. 7 at 1.

Accordingly, the Court incorporates the respondents' merits briefing in *Ceba Cinta* (No. 1:25-cv-1818, ECF No. 9) and dispels with further briefing by the parties.

## II. LEGAL STANDARD

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The question presented here—as has been presented in numerous other petitions within this district and around the country—is whether the petitioner is

entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

The petitioner contends that the discretionary detention provisions of 8 U.S.C. § 1226 entitle them to a bond hearing. ECF No. 1 at 6. In opposition, the respondents rely on their arguments incorporated by this Court from *Ceba Cinta v. Noem, et al.*, No. 1:25-cv-1818 (E.D. Va. Oct. 29, 2025).[1] Here, as in *Ceba Cinta*, the respondents insist (1) that the petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions, *Ceba Cinta*, No. 1:25-cv-1818, ECF No. 9 at 7–17; and (2) that their constitutional due process rights have not been violated, *id.* at 17–25.

The parties' arguments are substantially similar to others made in recent § 2241 habeas actions in the Eastern District of Virginia, including *Ceba Cinta*. *See, e.g.*, *Sibran-Juares v. Washington Field Office Dir.*, No. 3:26-cv-29, 2026 WL 414938, at *3–6 (E.D. Va. Feb. 15, 2026) (rejecting the same arguments made in *Ceba Cinta*); *Velas Velasquez v. Noem*, No. 3:25-cv-998, 2026 WL 279226, at *4 n.14 (E.D. Va. Feb. 3, 2026) (collecting thirty cases in this District rejecting the same arguments); *Madrid v. Crawford, et al.*, No. 3:26-cv-65, ECF No. 6 (E.D. Va. Feb. 18, 2026) (collecting twenty-six cases in this district rejecting the same arguments); ECF No. 8

[1] The respondents' arguments were rejected in *Ceba Cinta* and have also been raised and decided throughout the country. The vast majority of the courts addressing this issue have concluded that 8 U.S.C. § 1226(a) pertains, meaning petitioners like Chiluisa Nieto should receive a bond hearing. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) ("[O]f the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here.").

¶¶ 27–28 (collecting cases).[2] The petitioner raises no new issues, and the respondents raise no new arguments that would compel a different outcome.

**A. Entitlement to a Bond Hearing**

The petitioner argues that their detention is governed by the discretionary detention provisions of 8 U.S.C. § 1226 rather than the mandatory detention provision in § 1225(b)(2). ECF No. 1 at 6. The respondents argue that the petitioner's detention is lawful under the Immigration and Nationality Act (INA) because the petitioner was not legally granted entry into the country and is therefore an "applicant for admission," meaning § 1225(b)(2) governs their detention. *Ceba Cinta*, No. 1:25-cv-1818, ECF No. 9 at 7–17.

For the reasons stated by the court in *Ceba Cinta*, as well as many other decisions issued by courts in this district and across the country, this Court concludes that 8 U.S.C. § 1226(a)'s discretionary framework governs the petitioner's detention. *Ceba Cinta*, No. 1:25-cv-1818, ECF No. 11 at 3–5. The petitioner has been present in the United States since at least 2024. ECF No. 1 at 5. He is therefore not an "applicant for admission" subject to the mandatory detention provisions of § 1225. Rather, he falls within the discretionary provisions of § 1226(a), which sets the "default rule" for

[2] Where courts have required that a petitioner be provided a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. *See, e.g.*, *Ortega-Miranda v. Bondi*, No. 3:25-cv-769, ECF No. 21 (E.D. Va. Feb. 3, 2026) (released after satisfying bond of $1,500); *Gomez Alonzo v. Simon, et al.*, No. 1:25-cv-1587, ECF No. 20 (E.D. Va. Oct. 9, 2025) (released after satisfying bond of $1,500); *Campos-Flores v. Bondi*, No. 3:25-cv-797, ECF No. 19 (released after satisfying bond of $10,000).

detaining and removing noncitizens already present in the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 288–90, 303 (2018).

Under § 1226(a) and its implementing regulations, the petitioner is entitled to a bond hearing before an immigration judge, in which the immigration judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an immigration judge makes such a determination, the petitioner's continued detention is unlawful.

The Fifth Circuit recently reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). But out of circuit precedent is not binding on this Court, and this Court declines to follow the majority's "strained" reasoning in *Buenrostro-Mendez*. *Madrid*, No. 3:26-cv-65, ECF No. 6 at 6 (rejecting the majority's reasoning and instead finding the dissent's reasoning "persuasive"); *see also, e.g.*, *Choc Cu v. Crawford et al.*, No. 1:26-cv-398, ECF No. 6 at 2 n.2 (E.D. Va. Feb. 17, 2026); *Sibrian-Juares v. Wash. Field Off. Dir.*, No. 3:26-cv-29, 2026 WL 414938, at *3 n.8 (E.D. Va. Feb. 15, 2026); *Camacho v. Perry*, No. 3:26-cv-76, 2026 WL 414937, at *3 n.7 (E.D. Va. Feb. 15, 2026); *Temiz v. Lyons et al.*, No. 1:26-cv-301, ECF No. 5 at 4 n.4 (E.D. Va. Feb. 12, 2026); *Izara-Lopez v. Bondi et al.*, No. 1:26-cv-303, ECF No. 6 at 4 n.4 (E.D. Va. Feb. 12, 2026); *Orozco Herrera v. Crawford et al.*, No. 1:26-cv-326, ECF. No. 5 at 4 n.3 (E.D. Va. Feb. 9, 2026).

The Fifth Circuit held that the Board of Immigration Appeals (BIA) had correctly interpreted § 1225(b)(2)(A) to require mandatory detention for noncitizens

in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[3] But this conclusion largely rests on equating the terms "applicant for admission" with "seeking admission," disregarding longstanding agency practice and the plain text of the statute. *Compare Buenrostro-Mendez*, 166 F.4th at 502–06 (majority) *with id.* at 510–17 (dissent articulating the plain text and lengthy agency practice). For example, the use of active language in § 1225, which requires an applicant be "seeking admission" to the United States, suggests that the noncitizen must be taking active steps toward "seeking admission" and that presence in the country is not enough. *Id.* at 510–12.

Additionally, the Fifth Circuit's conclusion conflicts with *Jennings v. Rodriguez*, 583 U.S. 281 (2018), in which the Supreme Court stated: "U.S. immigration law authorizes the Government to detain certain aliens seeking

[3] For decades, immigration judges have "conducted bond hearings for aliens who entered the United States without inspection." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 n.6 (BIA 2025). But on July 8, 2025, DHS issued an internal memorandum to ICE employees that "DHA, in coordination with the Department of Justice (DOJ), has revisited its legal position on detention and release authorities" and determined that the mandatory detention provisions of § 1225 "is the applicable immigration detention authority for all applicants for admission." AILA Doc. No. 25071607, *ICE Memo: Interim Guidance Regarding Detention Authority for Applicants for Admission* at 1, American Immigration Lawyers Association (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last accessed Mar. 24, 2026); *see also Sibran-Juares*, No. 3:26-cv-29, ECF No. 12 at 9 n.12. The memorandum characterized, seemingly for the first time, all noncitizens who entered the United States without inspection as "seeking admission" regardless of how much time had passed since their entrance into the United States.

On September 5, 2025, BIA issued *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which articulated reasoning in line with the memorandum. But this Court owes the BIA no deference in its interpretation of the INA. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395–96 (2024).

admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c).” 583 U.S. at 289. As the dissent in *Buenrostro-Mendez* explains in detail, the *Jennings* Court’s reasoning aligns with the context and history of the INA provisions. *Buenrostro-Mendez*, 166 F.4th at 513–14. Therefore, *Buenrostro-Mendez* is not persuasive.

**B. Fifth Amendment Due Process Rights**

While the petitioner does not do so here, the petitioner in *Ceba Cinta* also contended that their continued detention without a bond hearing violated their due process rights under the Fifth Amendment’s Due Process Clause. No. 1:25-cv-1818, ECF No. 1 at 11. The respondents argue that the petitioner’s due process rights are governed only by the INA and that even if the petitioner is subject to the Fifth Amendment’s due process protections, denying them a bond hearing does not violate their constitutional rights. *See id.*, ECF No. 9 at 17–25.

For the reasons articulated in *Ceba Cinta* and in numerous other cases in this district, the Court finds that the Fifth Amendment governs the petitioner’s due process rights and that their continued detention without a bond hearing violates those rights. Applying the factors articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that the petitioner has a strong liberty interest and faces a significant risk of erroneous deprivation in the absence of a bond hearing to which he is entitled under § 1226(a), and that the respondents have not demonstrated a sufficient governmental interest to justify continued detention without such a

hearing. *See, e.g.*, *Duarte Escobar v. Perry*, 807 F. Supp. 3d 564, 581–84 (E.D. Va. 2025). Thus, all three *Mathews* factors support the petitioner's claim that their detention without a bond hearing violates due process.

## IV. CONCLUSION

Petitioner Raynaldo David Gamanna Rodriguez's request for a writ of habeas corpus (ECF No. 1) is **GRANTED IN PART** and **DENIED IN PART**.[4]

The respondents **SHALL** provide the petitioner with a bond hearing in front of an immigration judge pursuant to 8 U.S.C. § 1226(a), no later than September 3, 2026.

In order to enable the petitioner to prepare for the hearing, the respondents **SHALL** notify the petitioner of the Court's decision within 24 hours of the time this Order issues.

The respondents are **ENJOINED** from denying bond to the petitioner on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2).

The respondents **SHALL** file a status report with this Court within three days after the petitioner's bond hearing and prior to any hearing on the merits, stating (1) the date, time, and manner (e.g., in person through an interpreter; in written English) in which the petitioner was informed that they would have a bond hearing pursuant to this Order; (2) whether the petitioner has been granted bond; and, if their request for bond was denied, (3) the reason for that denial. Simply stating that the petitioner's

[4] The petition is denied with respect to the request for immediate release.

request for bond was denied because the petitioner was deemed a flight risk or a danger to the community, without more, is insufficient.

In the event the petitioner is released on bond, the respondents are **ENJOINED** from rearresting the petitioner, unless they have committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should the petitioner be released on bond, the respondents are **FURTHER ENJOINED** from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[5]

The Clerk is **DIRECTED** to send a copy of this Order to the petitioner.

**IT IS SO ORDERED**.

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 27, 2026

[5] Courts in this district have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).